**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Nicole Ledet<br>Plaintiff(s)<br><br>v.<br><br>Novo Nordisk Inc., Novo Nordisk A/S, Eli Lilly and Company, and Lilly USA, LLC<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: ________________ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Nicole Lauren Ledet ____________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ____________________, as ____________________ of the estate of ____________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ____________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: ____________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

✓ Novo Nordisk Inc.

✓ Novo Nordisk A/S

✓ Eli Lilly and Company

✓ Lilly USA, LLC

_____ other(s) (identify): ____________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Jeanerette, Louisiana

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Louisiana

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Louisiana

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Jeanerette, Louisiana

10. Jurisdiction is based on:

✓ diversity of citizenship pursuant to 28 U.S.C. § 1332

______ other (plead in sufficient detail as required by applicable rules):

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Western District of Louisiana

12. Venue is proper in the District Court identified in Paragraph 11 because:

✓ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

______ other (plead in sufficient detail as required by applicable rules):

________________________________________________________________________

________________________________________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

________________________________________________________________________

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

✓ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

✓ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ______________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Trulicity - June 2022 - December 2023

Ozempic - December 2023 - August 2024

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

✓ Gastroparesis

_____ Other gastro-intestinal injuries (specify) ______________________

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

✓ Gallbladder Injury (specify) Cholecystectomy, Cholelithiasis, and Acute Cholecystitis

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

✓ Additional/Other(s) (specify): Severe nausea, vomiting, abdominal pain, and related conditions associated with Trulicity and Ozempic use requiring hospital and ER care.

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

February 2024

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__✓__ Injury to self

_____ Injury to person represented

__✓__ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): ______________________________________________

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____ Count I: Failure to Warn – Negligence

_____ Count II: Failure to Warn – Strict Liability

_____ Count III: Breach of Express Warranty/Failure to Conform to Representations

_____ Count IV: Breach of Implied Warranty

✓ Count V: Fraudulent Concealment/Fraud by Omission

✓ Count VI: Fraudulent/Intentional Misrepresentation

_____ Count VII: Negligent Misrepresentation/Marketing

_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

_____ Count IX: Innocent Misrepresentation/Marketing

✓ Count X: Unfair Trade Practices/Consumer Protection (see below)

_____ Count XI: Negligence

_____ Count XII: Negligent Undertaking

✓ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

✓ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See Attachment "A" for Counts V & VI.

______________________________________________

______________________________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/ are bringing such claims:

La. Rev. Stat. Ann. § 51:1401 et seq., the Unfair Trade Practices and Consumer Protection Law including, La. Rev. Stat. Ann. § 51:1405 Unfair Acts or Practices.

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

'See Attachment "B

______________________________________________

______________________________________________

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

La. Rev. Stat. Ann. § 9:2800.51 et seq., the Louisiana Products Liability Act, which is a negligence and strict liability based recovery, including La. Rev. Stat. Ann. § 9:2800.57 Unreasonably Dangerous because of Inadequate Warning and La. Rev. Stat. Ann. § 9:2800.58 Unreasonably Dangerous because of Nonconformity to Express Warranty.

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn- Negligence; Failure to Warn- Strict Liability; Breach of Express Warranty/ Failure to Conform to Representations; Breach of Implied Warranty; Negligent Misrepresentation/ Marketing; Strict Product Liability Misrepresentation/ Marketing; Innocent Misrepresentation/ Marketing; Negligence; Negligent Undertaking

c. Identify the factual allegations supporting those claims:

See pg. 173, et seq., of Master Complaint (Failure to Warn- Negligence); See pg. 184, et seq., of Master Complaint (Failure to Warn- Strict Liability); See pg. 194, et seq., of Master Complaint (Breach of Express Warranty/ Failure to Conform to Representations); See pg. 199, et seq., of Master Complaint (Breach of Implied Warranty); See pg. 227, et seq., of Master Complaint (Negligent Misrepresentation/ Marketing); See pg. 232, et seq., of Master Complaint (Strict Product Liability Misrepresentation/ Marketing); See pg. 238, et seq., of Master Complaint (Innocent Misrepresentation/ Marketing); See pg. 245, et seq., of Master Complaint (Negligence); See pg. 248, et seq., of Master Complaint (Negligent Undertaking).

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? n/a. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 10/7/2026

By:/s/ Mackenzi L. Saucier
Mackenzi L. Saucier (LA Bar No. 40937)
Betsy J. Barnes (La. Bar No. 19473)
John C. Enochs (La. Bar No. 22774)
Alex F. Connolly (MS Bar No. 101680)
MORRIS BART, L.L.C.
601 Poydras St. 24th Floor
New Orleans, LA 70130
Telephone: (504) 525-8000
Fax: (504) 599-3380
msaucier@morrisbart.com
bbarnes@morrisbart.com
jenochs@morrisbart.com
aconnolly@morrisbart.com
Attorneys for Plaintiff